IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

v.

RODNEY BUSH,
   *Defendant.*

Criminal Action No. ELH-13-479

**MEMORANDUM**

Defendant Rodney Bush, through counsel, has moved for reconsideration of the Court's previous denial of his request for compassionate release. ECF 93; *see also* ECF 91 and ECF 92 (Memorandum Opinion and Order of September 18, 2020).[1] Defendant has also filed six supplemental submissions (ECF 94 to ECF 99), some of which are supported by exhibits. I shall refer to ECF 93 through ECF 99 collectively as the "Motion." The government has not responded to the Motion, and the time to do so has expired. *See* Local Rules 105.2(a), 207. But, the government previously provided a comprehensive opposition to the compassionate release motion filed by Bush, with exhibits. *See* ECF 82; ECF 84. It argued, among other things, that defendant remained a danger to the community.

No hearing is necessary to resolve the Motion. *See* Local Rules 105.6, 207. For the reasons that follow, I shall deny the Motion.

**A.**

Bush is currently serving a 125-month sentence, imposed for multiple offenses: five counts of bank robbery, in violation of 18 U.S.C. § 2113(a), (f), and one count of conspiracy to commit

---

[1] I incorporate here by reference the factual and statutory background set forth in ECF 91, the facts pertinent to COVID-19, and the earlier analysis as to this defendant.

bank robbery, in violation of 18 U.S.C. § 371.  ECF 1; ECF 76 (Amended Judgment).  The Plea Agreement (ECF 44) also included a stipulation reflecting that defendant actually committed a total of seven bank robberies, all between December 2012 and July 2013.  *Id.* at 10-13.

Sentence was imposed on July 9, 2014, with credit from July 17, 2013.  *See* ECF 72; ECF 73 at 1; ECF 76; ECF 81 at 2.  Bush is serving his sentence at FCI Ft. Dix in New Jersey, a low-security facility.  He has a projected release date of July 12, 2022.  ECF 88 at 1.

On June 26, 2020, Bush, through counsel, moved for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), based on the COVID-19 pandemic.  ECF 81.  The government opposed a reduction of defendant's sentence.  ECF 82.

In a Memorandum Opinion and Order of September 18, 2020, I denied Bush's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), without prejudice.  I determined that defendant was eligible for compassionate release due to his chronic medical conditions of hypertension, prediabetes, hyperlipidemia, hypothyroidism, and Hepatitis C.  ECF 91 at 13-16.  However, I agreed with the government that compassionate release was not appropriate, based on an analysis under 18 U.S.C. § 3582(c)(1)(A), along with consideration of the § 3553(a) sentencing factors.  *Id.* at 17.

In particular, I noted that in 1999 defendant had received concurrent sentences of twenty years in State court for armed robberies, and the sentences "did not deter defendant from the commission of the bank robberies that led to his federal prosecution."  *Id.* at 18.  In fact, just "two years after completion of the sentencing, and while defendant was still on parole, he committed the seven robberies in this case."  *Id.*  Moreover, I reasoned: "Even if Mr. Bush's criminal conduct was the 'product of his drug addiction,' as Bush avers (ECF 81 at 15), his recent [infraction for]

2

use of narcotics (ECF 84-1) does not instill confidence in the Court that he is no longer a danger to the community." *Id.*

That said, I commended defendant for his commitment to rehabilitation, notwithstanding his infraction for drug use in March 2020. *See* ECF 84-1. In addition, I observed that while serving his sentence, Bush "completed almost 3,500 hours of an HVAC apprenticeship," completed a Commercial Driver's License course, has taken various college courses as well as a Spanish class, and worked in the kitchen at Ft. Dix. ECF 91 at 18.

**B.**

In the Motion, which was filed in late October 2020, plaintiff asserted that, at that time, COVID-19 was "rapidly spreading through the facility" at FCI Fort Dix. ECF 93 at 4. The first six supplemental submissions essentially did the same, describing the spiking case rates at the facility and asserting that the Bureau of Prisons ("BOP") "is unequipped to protect the health and safety of the individuals in its custody at FCI Ft. Dix." ECF 95; *see* ECF 94 through ECF 98. The conditions at Ft. Dix drew the attention of New Jersey's senators and several congressional representatives, who called the situation a "rapidly escalating crisis." ECF 96-1; *see* ECF 98. Further, plaintiff's submission of October 31, 2020, informed the Court that Bush contracted COVID-19 around that time. ECF 95.

A newspaper article authored by defendant, "as told" to his lawyer, was published in the Boston Globe in March 2021, and submitted by defendant as an exhibit to the Motion. ECF 99-1. There, defendant recounted the experience of taking ill with COVID-19, recalling that he "lost [his] taste and smell for a week, suffered the worst headaches [he] ever had in [his] life, and felt pain in [his] kidneys and legs that lasted for weeks." *Id.* at 4. Moreover, plaintiff indicated that he remained imprisoned in a state of "quarantine lockdown, seven months after COVID-19

3

ravaged Ft. Dix." ECF 99 at 1.[2] During lockdown, Bush has not had access to "programming and visitation . . . classes . . . [or] religious services      . . . ." ECF 99-1 at 3.

To be sure, due to the pandemic, the conditions of confinement have been substantially more severe than anticipated at the time of sentencing. *See, e.g.*, *United States v. Clem*, RDB-14-0405, 2021 WL 82947 (D. Md. Jan. 11, 2021); *United States v. Davis*, TDC-15-0116, 2020 WL 6785351, at *3 (D. Md. Nov. 18, 2020). During this time, Bush was unable to continue the educational and vocational training that he commendably pursued for much of his sentence.

As noted, Bush has a projected release date of July 12, 2022. ECF 88 at 1; *Find an inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 19, 2021). His sentence dates to July 2013, approximately 96 months ago. By my count, he has served about 77% of his sentence, and about 89% of his sentence when accounting for good time credit.

As discussed in my earlier ruling, Bush's Guidelines called for a sentence ranging from 97 to 121 months of incarceration. ECF 91 at 3. The government sought a sentence of 180 months. However, I imposed a sentence of 125 months' imprisonment, followed by three years of supervised release. Although I rejected the government's recommendation, in my view, Bush's advisory sentencing guidelines "'did not adequately capture the factors under 18 U.S.C. § 3553(a), such as the seriousness of the offenses, the need to protect the public from the defendant, and to promote respect for the law.'" *Id.* (quoting ECF 77).

I am mindful that Bush's conduct while in the BOP is an important indicator of whether he remains a danger to the community. *See* 18 U.S.C. § 3582(c)(1)(A)(ii). Post-sentencing conduct "provides the most up-to-date picture of [Bush's] 'history and characteristics.'" *See Pepper v. United States*, 562 U.S. 476, 492 (2011); *see also United States v. Scott*, CCB-95-202, 2020 WL

---

[2] Bush does not address whether he has since received a COVID-19 vaccine.

2467425, at *4 (D. Md. May 13, 2020).  Defendant seems committed to improving himself.  But, he also committed a drug infraction in the BOP in March 2020, for which he was sanctioned.  ECF 84-1 at 1.  And, drug abuse has been an ongoing issue for Bush.

For the reasons set forth in my previous Memorandum Opinion and Order, a sentence reduction is, in my view, inconsistent with the sentencing goals of incapacitation, deterrence, and retribution.  However, **nothing in this Memorandum is meant to dissuade the BOP from releasing Bush to home confinement, pursuant to 18 U.S.C. § 3642(c).**

### C.

For the reasons set forth above, I shall deny the Motion.

An Order follows, consistent with this Memorandum.

Date: July 23, 2021  /s/
Ellen L. Hollander
United States District Judge